

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

ENTERED
02/24/2009

| | | |
|---|---|---|
| IN RE: § | | |
| **MARCO A. CANTU**, *et al*, § | Case No. 08-70260 | |
| Debtor(s). § | | |
| § | Chapter 11 | |
| § | | |
| **JUAN ANTONIO GONZALEZ,** § | | |
| Plaintiff(s) § | | |
| § | | |
| VS. § | Adversary No. 08-07039 | |
| § | | |
| **MARCO A. CANTU,** § | | |
| Defendant(s). § | Judge Isgur | |

### MEMORANDUM OPINION ON
### PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

For the reasons set forth below, the Court denies the Motion for Summary Judgment filed by Plaintiff Juan Antonio Gonzalez ("Plaintiff") (docket no. 19).

### Jurisdiction

The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2). Venue is proper in this District pursuant to 28 U.S.C. § 1409.

### Background

Plaintiff filed this adversary proceeding to determine non-dischargeability of debt pursuant to 11 U.S.C. §§ 523(a)(2), 523(a)(4), and 523(a)(6).[1] In his First Amended Complaint (docket no 12, attachment 1), Plaintiff asserts claims against Defendant Marco A. Cantu

---
[1] The Court notes that Plaintiff's Motion for Summary Judgment is based on allegations contained in its First Amended Complaint (docket no. 12, attachment 1). When the Motion for Summary Judgment and Defendant's Response to it were filed, the Court had not yet granted Plaintiff's Motion for Leave to File Amended Pleading regarding the Original Complaint. As a result, the Motion for Summary Judgment contains allegations and requests relief based on causes of action that were not yet pled. Defendant points out the discrepancies between Plaintiff's Motion for Summary Judgment and the Original Complaint, but Defendant also addresses the amended allegations and causes of action in its Response. As a result, the Court will determine the merits of Plaintiff's entire Motion for Summary Judgment.

("Defendant") for breach of contract, common law fraud, fraud in the inducement, and breach of fiduciary duty by a joint venturer. Plaintiff's causes of action arise from Defendant's failure to perform under an alleged oral agreement to equally split attorney fees of $136,500 that were recovered from a state lawsuit ("ToF Matter") and to pay Plaintiff his litigation expenses. Plaintiff requests damages of $136,500.00,[2] interest, equitable rescission, court costs, exemplary and punitive damages, and attorney fees. Plaintiff seeks Summary Judgment on all causes of action.

## Summary Judgment Standard

A party seeking summary judgment may demonstrate: (i) an absence of evidence to support the non-moving party's claims or (ii) the absence of a genuine issue of material fact. *Warfield v. Byron*, 436 F.3d 551, 557 (5th Cir. 2006); *Condrey v. SunTrust Bank of Ga.*, 429 F.3d 556, 562 (5th Cir. 2005). Material facts are those that could affect the outcome of the action. *DIRECTV, Inc. v. Budden*, 420 F.3d 521, 529 (5th Cir. 2005). A genuine issue of material fact exists if the summary judgment evidence "is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The evidentiary support needed to meet the initial summary judgment burden depends on whether the movant bears the ultimate burden of proof at trial. If the movant bears the burden of proof, a successful motion must present evidence that would entitle the movant to judgment at trial. *Rushing v. Kansas City S. Ry., Co.*, 185 F.3d 496, 505 (5th Cir. 1999); *Fontenot v. Upjohn, Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Specifically, the movant is entitled to judgment if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no

---

[2] $68,250.00 is the measure of contract damages. However, Plaintiff does not seek contract damages of $68,250.00. Instead, Plaintiff seeks $136,500.00 in actual damages for fraud and fraud in the inducement, and in liquidated damages for breach of contract.

genuine issue as to any material fact" and "the movant is entitled to judgment as a matter of law." FED. R. BANKR. P. 7056; FED. R. CIV. P. 56(c).

Upon an adequate showing by the movant, the burden shifts to the non-moving party to establish a genuine issue of material fact. *Warfield*, 436 F.3d at 557. The non-moving party has a duty to respond with specific evidence demonstrating a triable issue of fact. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 324 (1986); *Wheeler v. BL Dev. Corp.*, 415 F.3d 399, 402 (5th Cir. 2005). When identifying specific evidence in the record, the non-movant must articulate how that evidence supports its position. *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 305 (5th Cir. 2004).

At all times, a court views the facts in the light most favorable to the non-moving party. *Rodriguez v. ConAgra Grocery Products, Co.*, 436 F.3d 468, 473 (5th Cir. 2006). However, to weigh evidence would result in a credibility determination which is not part of the summary judgment analysis. *Hunt v. Rapides Healthcare Sys., LLC*, 277 F.3d 757, 762 (5th Cir. 2001); *See MAN Roland, Inc. v. Kreitz Motor Express, Inc.*, 438 F.3d 476, 478 (5th Cir. 2006)**.** A court is not obligated to search the record for the non-moving party's evidence. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003).

**Analysis**

Plaintiff bears the burden of proof at trial as to each element of every cause of action. For Plaintiff to be entitled to summary judgment as to any cause of action, Plaintiff must show that there is no genuine issue of material fact. FED. R. BANKR. P. 7056; FED. R. CIV. P. 56(c). Plaintiff's non-dischargeability claims are predicated on four causes of action: (1) breach of contract; (2) fraud; (3) fraud in the inducement; and (4) breach of fiduciary duty. The Court will analyze each cause of action separately.

**Breach of Contract**

In a breach of contract claim, Plaintiff must prove the following elements: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Renteria v. Trevino*, 79 S.W.3d 240, 242 (Tex. App.—Houston [14th Dist.] 2002, no pet.).

**Threshold Issues**

At issue is whether Plaintiff had a valid oral contract with Defendant to equally split $136,500 in attorney fees recovered from the settlement of the ToF matter. Two threshold issues arise as to whether such an alleged oral contract is enforceable as a matter of law.

First, Rule 1.04(f) of the Disciplinary Rules of Professional Conduct bars fee splitting. However, Rule 1.04(f) permits fee splitting between lawyers who are lawyers in the same firm. TEX. DISCIPLINARY R. PROF. CONDUCT 1.04(f); *Wright v. Stone* (*In re Wright*), No. 98-53314-C, 1999 Bankr. LEXIS 843, at *7 (Bankr. W.D. Tex. June 10, 1999). It is undisputed that Plaintiff and Defendant were members of the same firm. Plaintiff was paid as an employee of the firm. *Id.* at *12. The alleged oral contract is a fee arrangement between lawyers of the same firm, and is not barred by Rule 1.04(f).

Secondly, the Statute of Frauds does not require all contracts between attorneys to split fees to be in writing. TEX. BUS. & COM. CODE ANN. § 26.01 (Vernon 2005). However, the Statute of Frauds may require such a contract to be in writing if it is "not to be performed within one year from the date of making the agreement." TEX. BUS. & COM. CODE ANN. § 26.01(b)(6) (Vernon 2008). This is a question of law. *Beverick v. Koch Power, Inc.*, 186 S.W.3d 145, 149 (Tex. App.—Houston [1st Dist.] 2005, pet. denied).

Generally, oral contracts that do not set the time for performance and do not indicate that they cannot be performed within one year are not within the Statute of Frauds. *Gano v. Jamail*, 678 S.W.2d 152, 153 (Tex. App.—Houston [14th Dist.] 1984, no pet.) (citing *Miller v. Riata Cadillac Co.*, 517 S.W.2d 773 (Tex. 1974)). However,

> The rule is applied differently . . . when the agreement, either by its terms or by the nature of the required acts, cannot be completed within a year of its making. If the evidence conclusively proves that the contract cannot be performed within a year, the oral contract violates the Statute of Frauds as a matter of law, and is therefore unenforceable.

*Id.* at 153-54.

In *Gano*, two lawyers had an oral partnership agreement whereby each owned a one-half interest in personal injury cases represented by the firm, no matter how long it took to conclude them. *Id.* at 154. Although no time limit was set in the agreement, the court found that: (1) most of the cases took more than one year to conclude; (2) "the oral agreement was to last until *all of the cases* signed up during the partnership were resolved"; and (3) "performance could not be completed within on year." *Id.* (emphasis supplied). The court concluded that "the extrinsic evidence and the very nature of the required acts compel us to conclude that full performance of this alleged oral partnership agreement could not be completed within one year," and was "therefore unenforceable under the Statute of Frauds." *Id.*

In this case, Plaintiff swears that the alleged oral contract did not specify the time of performance and it did not foreclose performance within one year. Plaintiff and Defendant never discussed such terms such that the alleged oral contract is not barred by the Statute of Frauds.

Defendant offers the case expense document for the ToF matter to show that expenditures for the case dated from 2003 to 2006. However, this evidence is irrelevant. "[T]he fact that [the oral agreement] continue[s] more than a year does not offend" the Statute of Frauds "if the

agreement itself does not provide for a period extending beyond the year." *Boutell v. Hill*, 498 S.W.2d 713, 714 (Tex. Civ. App.—El Paso 1973, no writ). What would be relevant to bring the alleged oral contract within the Statute of Frauds is evidence that performance is of a type or nature that requires more than one year's time. Defendant produces no such evidence such that the Statute of Frauds should apply.

Because no genuine issue of material fact has been raised that the alleged oral contract is within the Statute of Frauds, the Statute of Frauds does not bar enforcement of the alleged oral contract.

**Existence of a Valid Contract**

Under Texas law, a binding contract is formed when there is: "(1) an offer, (2) acceptance in strict compliance with the terms of the offer, (3) a meeting of the minds, (4) each party's consent to the terms, and (5) execution and delivery of the contract with the intent that it be mutual and binding.'" *Malone v. Ariba, Inc.*, 99 F.App'x 545, 549 (5th Cir. 2004) (citing *Komet v. Graves*, 40 S.W.3d 596, 600 (Tex. App.—San Antonio 2001, no pet.); *Coachmen Indus., Inc. v. Willis of Ill., Inc.*, 565 F. Supp. 2d 755, 766 (S.D. Tex. 2008) (citing *Roman v. Roman*, 193 S.W.3d 40, 50 (Tex. App.—Houston [1st Dist.] 2006, pet. denied).

Plaintiff tenders by affidavit the following evidence:

1. Mr. Callaway and Mr. Karr approached Plaintiff for legal representation in the fall of 2004 to resolve a commercial dispute with an engineering firm that they had hired to conduct development work for a plat of land.

2. At the time, Defendant employed Plaintiff at his law firm on a base annual salary with the opportunity to earn bonuses based on recoveries of attorney fees in cases Plaintiff prosecuted to final resolutions. Plaintiff told Mr. Callaway and Mr. Karr that he was interested in representing them, but would have to first speak to Defendant about the matter before taking on their case.

3. After discussing the matter, Plaintiff and Defendant orally agreed to the following terms in representing Mr. Callaway and Mr. Karr:

    a. Mr. Callaway and Mr. Karr would sign up as clients of Defendant's law firm on a contingency fee of 35%. This rate was reduced from the law firm's typical contingency fee of 40% because the clients were Plaintiff's friends.

    b. Plaintiff would be responsible for prosecuting the case while Defendant would be responsible for handling the administrative matters of the case.

    c. Plaintiff and Defendant would share the expenses and split any recovery of attorney fees equally.

Defendant disputes Plaintiff's evidence by submitting the following summary judgment evidence by affidavit:

1. Defendant hired Plaintiff as an employee on a base annual salary and gave Plaintiff bonuses at his sole discretion.

2. In the ToF matter, Defendant gave Plaintiff a $4,000.00 bonus in March 2006. Defendant never entered into and denies the existence of any oral contract with Plaintiff to split attorney fees in this matter.

Because there is a genuine issue of material fact as to whether there is an oral contract between Plaintiff and Defendant to split attorney fees recovered in the ToF matter, summary judgment on Plaintiff's breach of contract claim is denied.

## Fraud and Fraud in the Inducement

The elements for fraud are: (1) a material representation was made; (2) the representation was false; (3) when the speaker made it, he knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made it with the intention that it should be acted upon by the other party; (5) the other party acted in reliance on the representation; and (6) the other party suffered injury as a result. *Lane v. Halliburton*, 529 F.3d 548, 564 (5th Cir. 2008); *Stone v. Lawyers Title Ins. Corp.*, 554 S.W.2d 183, 185 (Tex. 1977).

To prove fraud in the inducement, "the elements of fraud must be established as they relate to an agreement between the parties." *Haase v. Glazner*, 62 S.W.3d 795, 798-99 (Tex. 2001). Fraud in the inducement is "a particular species of fraud that arises only in the context of a contract and requires the existence of a contract as part of its proof." *Id.* at 798. "When a party has not been induced into a contract . . . there is no detrimental reliance and therefore no fraudulent inducement claim." *Id.*

**Fraudulent Intent**

Plaintiff relies on the representations that he would be paid one-half of the recovered attorney fees and his expenses from the ToF matter as the false representations that give rise to his causes of action for fraud and fraud in the inducement. Fraudulent intent is shown from "a promise of future performance . . . only if the promise was made with no intention of performing the act." *Walker v. TRB Bancorp, Inc.*, No. 05-07-00901-CV, 2008 Tex. App. LEXIS 5210, at *12 (Tex. App.—Dallas July 15, 2008, pet. denied). "Evidence of the promisor's failure to perform, standing alone, is no evidence of the promisor's intent not to perform when the promise was made." *Id.* at *13.

Plaintiff presents by affidavit that:

1. After the ToF matter settled and Defendant disbursed the settlement funds, Defendant told Plaintiff to be patient in receiving his one-half share of $68,250.00 in recovered attorney fees because Defendant was having some financial difficulties.

2. After some months, Plaintiff became aware of the extent of Defendant's financial difficulties, including a $1.6 million judgment against Defendant. Defendant continued to tell Plaintiff to be patient and that he would eventually be paid his share of attorney fees on the ToF matter.

3. By mid-October of 2006, Plaintiff started to believe that Defendant had no intention of paying his share of attorney fees in the ToF matter.

4. In the third week of October of 2006, Defendant told Plaintiff that he never had any intention of paying Plaintiff's share of attorney fees in the ToF matter.

Defendant disputes Plaintiff's evidence by denying the existence of any oral contract with Plaintiff to split attorney fees recovered in the ToF matter.

A genuine issue of material fact exists as to whether Defendant had the requisite fraudulent intent for fraud and fraudulent inducement. Also, a genuine issue of material fact exists as to whether an oral contract exists to show fraudulent inducement. For these reasons, summary judgment on fraud and fraudulent inducement is denied.

### Breach of Fiduciary Duty

To prevail on a breach of fiduciary duty claim, Plaintiff must prove the elements of: "'(1) a fiduciary relationship between the plaintiff and defendant; (2) the defendant must have breached his fiduciary duty to the plaintiff; and (3) the defendant's breach must result in injury to the plaintiff or benefit to the defendant.'" *Navigant Consulting Inc. v. Wilkinson*, 508 F.3d 277, 283 (5th Cir. 2007) (quoting *Jones v. Blume*, 196 S.W.3d 440, 447 (Tex. App.—Dallas 2006, pet. denied)).

**Fiduciary Relationship**

Plaintiff claims that a fiduciary relationship exists from a joint venture relationship that was created by the alleged oral contract to split attorney fees. "Texas law recognizes two types of fiduciary relationships. The first, a formal fiduciary relationship, 'arises as a matter of law and includes the relationships between attorney and client, principal and agent, partners, and joint venturers.'" *Id.* (quoting *Abetter Trucking Co. v. Arizpe*, 113 S.W.3d 503, 508 (Tex. App.—Houston [1st Dist.] 2003, no pet.)).

> "The elements which are essential to a joint [venture] are commonly stated to be four: (1) an agreement, express or implied, among the members of the group; (2) a common purpose to be carried out by the group; (3) a community of pecuniary interest in that purpose, among the members; and (4) an equal right to a voice in the direction of the enterprise, which gives an equal right of control."

*St. Joseph Hospital v. Wolff*, 94 S.W.3d 513, 526 (Tex. 2003) (quoting RESTATEMENT (SECOND) OF TORTS § 491 cmt. c (1965)). *See also Coastal Plains Dev. Corp. v. Micrea*, 572 S.W.2d 285, 287 (Tex. 1978). "The intention of the parties to a contract is a prime element in determining whether or not a . . . joint venture exists." *Coastal Plains*, 572 S.W.2d at 287.

Again, Defendant disputes that any oral agreement existed with Plaintiff to split attorney fees in the ToF matter. As a result, a genuine issue of material fact exists as to whether a joint venture relationship and therefore, also whether a fiduciary relationship, were formed. Summary judgment is denied as to Plaintiff's breach of fiduciary duty claim.

## Conclusion

For the reasons stated above, Plaintiff's Motion for Summary Judgment is denied. A separate order will be issued.

SIGNED February 24, 2009.

Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE