

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

ENTERED
03/30/2009

| | | |
|---|---|---|
| IN RE: § | | |
| MARCO A. CANTU, *et al*, § | Case No. 08-70260 | |
| Debtor(s). § | | |
| § | Chapter 11 | |
| § | | |
| JUAN ANTONIO GONZALEZ, § | | |
| Plaintiff(s) § | | |
| § | | |
| VS. § | Adversary No. 08-07039 | |
| § | | |
| MARCO A. CANTU, § | | |
| Defendant(s). § | Judge Isgur | |

## MEMORANDUM OPINION ON DEFENDANT'S
## EXPEDITED MOTION FOR LEAVE TO MAKE JURY DEMAND

For the reasons set forth below, the Court denies Defendant's Expedited Motion for Leave to Make Jury Demand ("Motion") (docket no. 43).

### Facts

Plaintiff Juan A. Gonzalez initiated this adversary proceeding on August 22, 2008. Defendant Marco A. Cantu filed an Original Answer on September 17, 2008 (docket no. 7), in which he makes no demand for a jury trial. On January 12, 2009, the Court granted Plaintiff's Motion for Leave to File Amended Pleading (docket no. 24) and deemed as filed on the same date Plaintiff's First Amended Complaint (docket no. 12-1). Defendant did not file an answer to Plaintiff's amended complaint. Defendant waited until March 25, 2009, less than one month before trial is scheduled on April 20, 2009, to file his Motion.

### Waiver

Bankruptcy Rule 9015 incorporates Federal Rule of Civil Procedure 38 ("Rule 38") regarding jury trials, "except that a demand made pursuant to Rule 38(b) . . . shall be filed in

accordance with Rule 5005." FED. R. BANKR. P. 9015(a) (generally requiring filing papers with the court clerk). Under Rule 38(b)(1), "a party may demand a jury trial by serving the other parties with a written demand . . . *no later than 10 days after the last pleading* directed to the issue is served . . . . ." FED. R. CIV. P. 38(b)(1) (emphasis supplied). Otherwise, a party waives the right to a jury trial. *Id.* 38(d).

There are two relevant "last pleadings" from which the 10-day limits are measured: (1) Defendant's Original Answer, filed on September 17, 2008 and served on September 16, 2008, is the "last pleading" as to those issues raised in Plaintiff's original complaint; and (2) Plaintiff's First Amended Complaint, filed on January 12, 2009, is the "last pleading" as to those issues raised for the first time in the amended pleading, which includes causes of action for common law fraud and breach of fiduciary duty. FED. R. BANKR. P. 7007; FED. R. CIV. P. 7; *First Wis. Nat'l Bank v. Klapmeier*, 526 F.2d 77, 80 (1975). Without evaluating which issues are triable by jury, Defendant was required by Rule 38(b) to demand a jury trial for triable issues: (1) from the original complaint, at the latest by September 27, 2008; and (2) from the amended complaint, no later than January 22, 2009. FED. R. CIV. P. 38(b)(1); *Gen. Tire & Rubber Co. v Watson-Bowman Assocs., Inc*., 74 F.R.D. 139, 140 n.1 (D. Del. 1977). Defendant did not make any demand for a jury trial within any of the applicable 10-day time periods. As a result, Defendant waived any right to a jury trial. FED. R. CIV. P. 38(d); *U.S. v. Moore*, 340 U.S. 616, 620 (1951).

### Relief from Waiver

Defendant's Motion is Defendant's first effort to demand a jury trial and was filed well past any of the applicable 10-day time periods under Rule 38. Though Defendant filed the Motion pursuant to Bankruptcy Rule 7015 as a request for leave to amend, the better treatment of the Motion is under either subdivision (b) of Bankruptcy Rule 9006 ("Rule 9006") or subdivision

(b) of Federal Rule of Civil Procedure 39 ("Rule 39") as adopted by Bankruptcy Rule 9015(a). *Malkin v. Dubinsky*, 14 F.R.D. 38, 39 (S.D.N.Y. 1953); FED. R. BANKR. P. 9006(b) and 9015(a).

Under Rule 9006(b), the Court treats the Motion as an application for extending the time period to make a jury demand, and the Court will grant it only "where the failure to act was the result of excusable neglect." FED. R. BANKR. P. 9006(b)(2); *In re Watauga Steam Laundry*, 7 F.R.D. 657, 659 (E.D. Tenn. 1947) (citing *Buggeln & Smith, Inc. v Std. Brands, Inc.*, 27 F. Supp. 399, 399 (S.D.N.Y. 1939)). Under Rule 39(b), the Court construes the Motion as one that seeks a jury trial after the right has expired. FED. R. BANKR. P. 9015(a); FED. R. CIV. P. 38(d); *see Roth v. Hyer*, 142 F.2d 227, 228 (5th Cir. 1944). Regardless of under which rule the Court considers the Motion, the Court is within its discretion to decide whether to grant the Motion. *Makin*, 14 F.R.D. at 39; *see also Albert v. R.P. Farnsworth & Co.*, 176 F.2d 198, 203 (5th Cir. 1949) (citing *S.S. Kresge Co. v. Holland*, 158 F.2d 495, 497 (6th Cir. 1946)).

Defendant asserts that his failure to make a timely demand for a jury trial is due to the fact that he was unaware of such a right because his counsel, Mr. Juan Rocha, has no bankruptcy law or bankruptcy adversary experience and initially concluded mistakenly that Defendant was not entitled to such a right. "Mere inadvertence of counsel . . . is not sufficient grounds for relief." *Polak v. Koninklijke Luchtvaart Maatschappij*, 19 F.R.D. 87, 88 (S.D.N.Y. 1956). Neither is the "usual case of . . . neglect or mistake." *Mason v. British Overseas Airways Corp.*, 20 F.R.D. 213, 214 (S.D.N.Y. 1957). And, ignorance of the law does not revive a waived jury right. *Wilson v. Corning Glass Works*, 195 F.2d 825, 826, 829 (9th Cir. 1952). Defendant's inaction to timely file a jury demand was not the result of excusable neglect. As a result, the Court declines to exercise its discretion to revive Defendant's waived jury right.

## Conclusion

The Court denies Defendant's Motion. A separate order will be issued.

SIGNED **March 30, 2009.**

_____<br>
Marvin Isgur<br>
UNITED STATES BANKRUPTCY JUDGE